UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIMOTHY ERIC CAFFREY,<br><br>           Petitioner,<br><br>     v.<br><br>ELDON VAIL,<br><br>           Respondent. | No. C10-5101 RBL/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted For:  July 23, 2010** |

This habeas corpus action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and MJR 4.  Petitioner filed this action under 28 U.S.C. § 2254 challenging his 1990 state court judgment and sentence.  Dkt. 8.  Respondent filed an Answer and relevant state court record.  Dkts. 17 and 18.  Respondent argues that Mr. Caffrey has already challenged his 1990 state court judgment and has not obtained permission from the Ninth Circuit to file the current petition.  Dkt. 17.  On June 15, 2010, Mr. Caffrey filed a motion to transfer this case to the Ninth Circuit Court of Appeals.  Dkt. 20.   The court's records reflect that this petition is successive.  Accordingly, the undersigned recommends that this file should be administratively closed and the case transferred to the Ninth Circuit in accordance with Circuit Rule 22-3(a).

REPORT AND RECOMMENDATION - 1

*DISCUSSION*

Ninth Circuit Rule 22-3 (a) states:

(a)     Application.  Any petitioner seeking leave to file a second or successive 2254 petition or 2255 motion in district court must seek leave under 28 U.S.C. §§ 2244 or 2255.  An original and five copies of the application must be filed with the Clerk of the Court of Appeals.  No filing fee is required.  If a second or successive petition or motion, or application for leave to file such a petition or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals.

The state court entered Mr. Caffrey's judgment and sentence in 1990.  Dkt. 18, Exh. 1.  In 1997, Mr. Caffrey filed his first federal habeas corpus petition challenging his custody under the 1990 state court judgment.  *Id.*, Exh. 2 (*Caffrey v. Blodgett*, USDC Cause No. C97-5356RJB).  In that petition, Mr. Caffrey alleged that he was denied the right to appeal and was denied the right to effective assistance of counsel on appeal.  *Id.*  This court denied Mr. Caffrey's petition with prejudice, concluding that his claims were procedurally barred under an independent and adequate state law.  *Id.*, Exh. 3 (Report and Recommendation); Exh. 4 (Order); and Exh. 5 (Judgment).  This court and the Ninth Circuit denied a certificate of appealability.  *Id.*, Exh. 6 (Order Declining to Issue Certificate of Appealability) and Exh. 7 (Order, *Caffrey v. Blodgett*, Ninth Circuit Cause No. 98-35812).

In his present habeas petition, Mr. Caffrey alleges that his life sentence is unconstitutional.  Dkt. 8.  Because Mr. Caffrey previously challenged his sentence and custody under the 1990 state court judgment and this court denied the prior petition with prejudice, his current petition is a second petition under 28 U.S.C. § 2244(b) and Mr. Caffrey must first obtain permission from the Ninth Circuit before he may file it.

Mr. Caffrey's petition (Dkt. 8) is a "second or successive" petition and should be transferred to the Ninth Circuit Court of Appeals consistent with the dictates of Rule 22-3 (a).

REPORT AND RECOMMENDATION - 2

*CONCLUSION*

The Court should transfer this habeas corpus petition as a second or successive petition and administratively close the file.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **July 23, 2010**, as noted in the caption.

DATED this 29th day of June, 2010.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3